CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 27 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES EDGAR REGIS, | ) |
| | ) |
| Plaintiff, | ) Case No. 7:10CV00397 |
| | ) |
| v. | ) |
| | ) MEMORANDUM OPINION |
| | ) |
| MIDDLE RIVER REGIONAL JAIL, | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff James Edgar Regis, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Regis asserts that officials at the Middle River Regional Jail (the jail) placed him in segregated confinement during investigation of an incident and used his personal employment skills for the benefit of the jail, in violation of his constitutional rights. Upon review of the record, the court finds that the complaint must be dismissed.

## Background

Regis alleges the following sequence of facts on which his claims are based. In the summer of 2010, Regis was part of a work crew of jail inmates who were constructing a new building for the jail complex. He was the only inmate on the crew with construction experience. He operated the backhoe and skid loader, staked the foundation for digging of the footers, and showed the other crew members how to do things. On the morning of June 15, 2010, officers escorted the crew members to the work site, where an inspection of the new plumbing was on the agenda. The vehicle they were riding in stopped so an officer could open a gate. At the same time, an inmate named Jamie Ryles got out and grabbed a bag sitting beside the gate. An officer

asked Riles what was in the bag. Ryles said it was trash, but when the officer looked inside the bag, he found a pack of cigarettes.

On June 16, 2010, officers told Regis that he would not be going out on the work detail and that he should pack his belongings for a move to the segregation unit. He asked why he was being placed in segregation, when he had not received any disciplinary charge. An officer informed him that he was being detained pending an investigation. On June 21, 2010, a captain and a major called Regis in for a talk and advised him that they believed he had been involved in the cigarette incident. He denied any involvement. The major "cussed" at Regis and humiliated him, threatening that if he was involved with Ryles, he would spend the next 32 months in segregation. Shortly after this meeting, however, officers moved Regis out of segregation.

Officers ordered Regis to rejoin the work detail on June 22, 2010. He asserts that the officers in charge of the project "used" him for the work detail because of his expertise in concrete pouring and ground plumbing. Ultimately, an officer told Regis that the investigation had cleared him of any involvement with the cigarettes discovered on Ryles, and Regis was never charged with any disciplinary infraction related to the incident. The episode left Regis feeling "used and humiliated," and he suffered stomach upset and difficulty sleeping. He states that he feels like a victim of "cor[poral] punishment." As relief in this action, he seeks a transfer to a state corrections work center where he can be placed on work release.

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West

v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." In reviewing the case for possible summary dismissal, the court must accept allegations in the complaint as true and draw all reasonable factual inferences in the plaintiff's favor. See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). The factual allegations in the complaint must contain "more than labels and conclusions" and "must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). After a review of Regis' allegations as amended, the court concludes that he fails to allege facts stating any plausible claim actionable under § 1983.

### A. Improper Defendant

As a preliminary matter, Regis cannot maintain his action against the jail, since local jails are not "persons" subject to suit under 42 U.S.C. §1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). As Regis names only the jail as a defendant, his complaint must be dismissed as legally frivolous. The court need not grant Regis an opportunity to amend to name individual officials as defendants, however, because none of his claims is actionable under § 1983.

### B. Segregated Confinement

While convicted prisoners relinquish many rights upon being incarcerated, the due process clause of the Fourteenth Amendment mandates procedural safeguards before an inmate may suffer a change in status that "imposes atypical and significant hardship on the inmate in relation to ordinary incidents of prison life." See Sandin v. Conner, 515 U.S. 472, 484 (1995).

In other words, where an inmate receives a change in housing assignment or a loss of privilege that is simply an expected part of prison confinement, no protected liberty interest arises, and that inmate has no claim for relief under the Due Process Clause or §1983, even if the change occurred without all the state-created procedural protections during a disciplinary hearing. Id. A state official's failure to abide by state procedural laws or regulations does not present a federal due process issue, Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990), and is, therefore, not actionable under §1983.

Regis does not allege facts indicating that the conditions to which he was subjected for five days in segregation at the jail were dramatically different than the conditions in the general population or that they imposed any particular hardship on him. Although he alludes to "corporal punishment," he does not allege any respect in which he was physically "punished" while in segregation, by officers or by conditions in that unit. As he thus fails to demonstrate that his placement in segregation for administrative reasons triggered any federally protected liberty interest, he fails to show that he had any federal due process right to a hearing before being segregated. In any event, the jail's investigative procedures protected Regis against long-term segregation by clearing him of responsibility before any disciplinary charges were brought. For these reasons, Regis has no actionable due process claim here.

### B. Eighth Amendment

Regis also has no claim under the Eighth Amendment, which protects prisoners from cruel and unusual living conditions. Such a claim requires a showing that the plaintiff has sustained a serious or significant mental or physical injury as a result of the challenged conditions. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). Regis fails to

demonstrate that any of the "harms" he alleges were caused by the living conditions in the segregation unit. Thus, his complaint fails to give rise to any actionable Eighth Amendment claim.

**C. Prison Employment**

Finally, Regis' allegations that jail officials wrongfully "used" him by having him work at the building site do not implicate any constitutionally protected right.[1] The Thirteenth Amendment states, "Neither slavery nor involuntary servitude, *except as punishment for crime whereof the party shall have been duly convicted* shall exist within the United States, or any place subject to their jurisdiction" (emphasis added). It is well established that requiring inmates to participate in prison employment does not violate the Thirteenth Amendment. See, e.g., Loving v. Johnson, 455 F.3d 562, 563 (5th Cir. 2006) (finding that requiring an inmate to perform labor is not involuntary servitude under the Amendment).

## Conclusion

For the stated reasons, the court concludes that Regis' complaint must be summarily dismissed, pursuant to § 1915A(b)(1), as legally frivolous, because his claims have no basis in law. An appropriate order will issue this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days

---

[1] After a few days back on the building site, Regis was apparently released from the work detail. Yet, he seeks an opportunity for work release. To the extent that Regis is asserting some entitlement to participate in prison employment or work release, his claim has no legal basis and must be dismissed. See, e.g., Bulger v. United States Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995) (finding that because inmates have no constitutional right to job opportunities while incarcerated, prison officials may generally terminate an inmate from his job for any reason without offending federal due process principles).

of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 27th day of September, 2010.

                                                                        */s/ Glen Conrad*
                                                     Chief United States District Judge